# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN J. PINEDA and VIRGINIA PINEDA,

    Plaintiffs,

v.                                      CIV 01-0052 WJ/DJS-ACE

UNITED STATES AIR FORCE et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT UNITED STATES' MOTION FOR DISMISSAL

THIS MATTER comes before the Court pursuant to Defendant United States' Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(c) [Docket No. 56]. Having reviewed the briefs of the parties, the Court finds that it lacks subject matter jurisdiction over Plaintiffs' claims against the United States and the motion is therefore GRANTED.

## BACKGROUND

Mr. Pineda was injured in an accident on January 15, 1998. Defendant's Statement of Undisputed Material Facts ¶ 10 and Plaintiff's Response to those facts ¶ 3. At the time of the accident, Mr. Pineda was an employee of NEWTEC. Id. Several NEWTEC employees, including Mr. Pineda, were working at Holoman Air Force Base (HAFB) in Building 842 pursuant to a contract between NEWTEC and the United States. Id. Work performed by NEWTEC employees often involved the use of cranes and hoists owned by the United States. Air Force Occupational and Safety Hazard (AFOSH) regulations mandate the servicing and

inspection of such cranes and hoists to certain standards and at certain intervals. Defendant's Statement of Undisputed Material Facts ¶ 4, Plaintiff's Response to those facts ¶ 1, and Defendant's Exhibit F. The United States contracted with Defendant The Mayhew Corporation (Mayhew) to perform the inspection of and service on the cranes and hoists in Building 842 at HAFB. Defendant's Statement of undisputed Material Facts ¶¶ 6, 7, Plaintiff's Response to those facts ¶ 3, Defendant's Exhibit B.

On January 15, 1998, Mr. Pineda was guiding a large and heavy lens into a mount. Deposition of John Pineda p. 7. The lens was being hoisted by a crane. Id. According to Mr. Pineda, the operator was unable to stop the crane and the lens continued to be lifted after it had been partially guided into the mount. Id. at p. 8. As a result, the lens snapped out of the grooves on the arm of the mount. Id. Mr. Pineda was knocked to the ground, the lens caught Mr. Pineda's leg, and Mr. Pineda was injured. Id.

Prior to January 15, 1998, Mayhew inspectors had found the crane involved in the accident to be "safe to use, no danger to qualified operator." Defendant's Exhibits C and D.

**LEGAL STANDARD**

Defendant's Motion is styled as a motion to dismiss pursuant to Rule 12(b)(6) but primarily raises the issue of the Court's subject matter jurisdiction. The Court thus interprets Defendant's motion as a motion to dismiss pursuant to Rule 12(b)(1) and alternatively pursuant to Rule 12(b)(6) and Rule 56(c). A Court's consideration of matters outside the pleadings does not transform a Rule 12(b)(1) motion into a motion for summary judgment. Fed. R. Civ. P. 12(b); Cizek v. United States, 953 f.2d 1232, 1233 (10th cir. 1992). However, when the jurisdictional issue is intertwined with the merits of the case, the motion should be treated as one for summary

judgment. Redmon v. United States, 934 F.2d 1151, 1155(10th Cir. 1991). In this case, the determination of the jurisdictional issues involves consideration of matters that go to the merits of the case. Therefore, the motion will treated as one for summary judgment.

Summary Judgment is appropriate when the movant shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The burden of showing an absence of a genuine issue of material fact falls upon the moving party. See Adler v. Wal-Mart Store, Inc., 144 F.3d 664, 670 (10th Cir. 1998). However, when the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by pointing out to the Court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Adler, 144 F.3d at 671. The nonmoving party must then go beyond the pleadings to set forth specific facts showing that there is a genuine issue for trial sufficient to support a verdict for the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). All reasonable factual inferences must be drawn in favor of the nonmoving party. Seamons v. Snow, 206 F.3d 1021, 1026 (10th Cir. 2000); Curtis v. Oklahoma City Public Sch. Bd. of Ed., 147 F.3d 1200, 1214 (10th Cir. 1998). However, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. Bausman v. Interstate Brands Corp., 252 F.3d 1111 (10th cir. 2001).

**DISCUSSION**

The United States is immune from suit except to the extent it waives its immunity and consents to be sued. Smith v. United States, 507 U.S. 197, 200 (1993). The extent of a waiver of immunity defines the jurisdiction of a court to entertain suits against the sovereign. United

States v. Orleans, 425 U.S. 807 (1976). The Federal Tort Claims Act (FTCA) expressly waives the sovereign immunity of the United States and allows the federal government to be sued in tort. 28 U.S.C. §§ 1346 and 2671 et seq. However, the FTCA does not permit suit against the sovereign for the negligence of independent contractors. 28 U.S.C. §§ 1346 and 2671.

Defendant United States argues that immunity has not been waived for Plaintiffs' cause of action because Plaintiffs are suing for the negligence of independent contractors.[1] Plaintiffs counter that they are suing for the direct negligence of the United States because 1) the United States had a duty to provide, and failed to provide, a safe working environment for employees of independent contractors; 2) the United States had a duty and failed to use ordinary care in exercising retained control over Building 842; and 3) the United States was negligent per se in failing to abide by mandatory governmental regulations pertaining to hoist safety, maintenance, and inspection.

There is no dispute that the United States contracted with Mayhew to provide inspection and service for the hoists in Building 842. Plaintiffs provide no competent evidence that any government employee serviced, maintained, inspected, or repaired any of the hoists in Building 842 prior to the January 15, 1998 incident.[2] Plaintiffs also provide no competent evidence that

---

[1]The United States also argued that it could not be held liable for negligently contracting with Mayhew and could not be held liable by Plaintiffs for breach of contract. Plaintiffs did not respond to either of these arguments. Thus, the Court assumes that Plaintiffs have waived these theories of recovery and do not object to the United States obtaining summary judgment on these theories including Count X of the Plaintiffs' Second Amended Complaint.

[2]Plaintiffs attach as Exhibits A and B to their Response "Declarations" of two NEWTEC employees. The Court first notes that neither of these declarations were certified as having been made under oath. Even if the Court were to ignore this defect, the relevant facts being declared do not appear to be based on the declarant's personal knowledge. Exhibit A is a Declaration by Delbert "Pete" Baxter who states that, prior to January 15, 1998, he observed "employees of the

4

the United States retained control over any part of the premises at issue that any reasonably jury could find was the proximate cause of Mr. Pineda's injuries. The only portion of the premises that a reasonable jury could find was the proximate cause of any injury was the crane, and the only competent evidence in this case shows that Mayhew was responsible for the inspection and service of the crane. Similarly, the only element of the "work environment" that a reasonable jury could find was unsafe and the proximate cause of Mr. Pineda's injuries was the crane, and, again, the record shows that Mayhew was responsible for the crane. Therefore, if Mayhew meets the criteria as an independent contractor, the United States cannot be held liable for any of Mayhew's alleged negligence in inspecting, repairing, maintaining, or servicing the hoist at issue, or any failure of Mayhew to abide by the applicable regulations.

The key element in distinguishing a federal employee from an independent contractor for purposes of the FTCA is whether the United States controls the performance of the contractor by supervising the day-to-day operations of the contractor. Lurch v. United States, 719 F.2d 333, 337 (10th Cir. 1983). In determining whether the United States supervises the day-to-day operations of a contractor, the Court considers 1) the intent of the parties; 2) whether the United

---

United States" servicing the crane and that some of the service technicians were dressed in government issued clothing. These are conclusory statements, and the declaration does not provide the basis for Mr. Baxter's conclusions that the persons were government employees or that their clothing was government issued. Exhibit B is a declaration by Jimmy Villavisencio who states that he was aware of numerous complaints that were made by NEWTEC to United States personnel (presumably regarding problems with the crane at issue), and that government employees serviced the crane on numerous occasions prior to January 15, 1998. The fact that Mr. Villavisencio states he "was aware of" several complaints that were made strongly suggests that his purported knowledge is based on hearsay. His statement that government employees serviced the crane is conclusory, and the Declaration provides no basis for Mr. Villavisencio's conclusion. Thus, neither of these exhibits are the type of evidence that a nonmovant may use to show that a disputed issue of material facts exists. See Adams v. American Guarantee and Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000).

5

States controls the end result or may also control the manner and method of reaching the result; 3) whether the contractor uses his own equipment or that of the United States; 4) who provides liability insurance; 5) who pays social security tax; 6) whether federal regulations prohibit federal employees from performing such contracts; and 7) whether the contractor has authority to subcontract with others. Curry v. United States, 97 F.3d 412, 414 (10th Cir. 1996).

In applying these factors to the determination of the extent of control the United States had over the performance of Mayhew, the record is bereft of any evidence that the United States had control of Mayhew's performance or supervised Mayhew's day-to-day operations in inspecting and servicing the hoists. The record includes the contract between the United States and Mayhew that evidences an intent by the parties that Mayhew perform as an independent contractor. Defendant's Exhibit B. The contract provides that Mayhew will provide its own liability insurance. Id. The contract also states that Mayhew will provide all the labor necessary to perform the contract. Id. The contract further provides that Mayhew will utilize its own equipment and tools to perform the contract. Id. The contract specifies the standards that Mayhew must meet, and the end result that must be reached, but does not specify the method or manner that Mayhew must utilize to reach the end result. Id. All of the evidence points to a conclusion that Mayhew is an independent contractor, and the United States cannot be held liable for any negligence of Mayhew and its employees.

Plaintiffs point to evidence that the HAFB Civil Engineer did spot checks while Mayhew was performing inspections of the hoists as support for the argument that the United States was directly responsible for the adequacy of the work done by Mayhew. Plaintiffs' Exhibit E. The right of the United States to inspect a contractor's work for compliance with a contract does not

6

automatically make the contractor an agent of the government for purposes of the FTCA. <u>Curry</u>, 97 F.3d at 415.

Mayhew was acting as an independent contractor. Thus, the United States is immune from liability for any alleged negligence on the part of Mayhew or its employees and is entitled to summary judgment on the basis that this Court lacks jurisdiction over the claims against the United States.

**CONCLUSION**

IT IS THEREFORE ORDERED that the United States' Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(c) [Docket No. 56] is GRANTED and all claims against the United States are DISMISSED with prejudice.

_____
UNITED STATES DISTRICT JUDGE